UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SULA BAYE,

        Plaintiff,

vs.

HBI BRANDED APPAREL
ENTERPRISES, and PAYLESS
SHOESOURCE, INC.,

        Defendants.

_____/

Case No. 12-CV-12869

HON. GEORGE CARAM STEEH

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. # 10)

### INTRODUCTION

Plaintiff, who fell and injured herself in 2010, filed this action under theories of product liability and personal injury. The action, originally filed in Illinois state court, was removed to federal court in that state, then transferred to this district. Now before the court is defendants' motion to dismiss. As set forth below, that motion is granted in part and denied in part.

### BACKGROUND

Plaintiff Sula Baye, a resident of Illinois, is a lawyer who was pursuing a masters in health law at the time of the injury leading to this case. That injury occurred in the summer of 2010, when Baye was staying with friends in the Detroit area to celebrate the Fourth of July. Baye alleges that on July 5, 2010 she and her friend were shopping at the Great Lakes Crossings shopping center. Baye alleges that she had seen Payless

advertisements "touting the benefits of Champion Pace fitness shoes," came across a Payless Shoe Source store at the shopping center, and went in. After speaking with a Payless salesperson, Baye purchased a pair of the fitness shoes. (Complaint at ¶ 11.)

The following morning, Baye fell as she was descending a set of stairs at her friends' home in Detroit. Baye was wearing the Champion Pace shoes at the time of the fall. Baye suffered a "high fibular fracture with ankle dislocation and a deltoid ligament rupture requiring an open-reduction and internal fixation with placement of several screws." (Complaint at ¶ 13.) Baye alleges that the fall occurred because she was wearing the Champion fitness shoes.

Baye filed suit against defendants in 2010 in Illinois state court, alleging liability under theories of strict product liability, negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Baye also included claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq., and a claim of common law fraud. Defendants then removed the action to the United States District Court for the Northern District of Illinois on the basis of diversity jurisdiction.

Following removal, defendants filed a motion to transfer the lawsuit to this court under 28 U.S.C. § 1404(a). The parties agreed that venue was proper in either the Northern District of Illinois or the Eastern District of Michigan. The Northern District of Illinois considered the four factors used to evaluate convenience transfers--(1) plaintiff's choice of forum; (2) convenience of parties; (3) convenience of witnesses; (4) interests of justice; and (5) location of material events, citing *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996). The district court first denied the

motion without prejudice, but later granted it, finding that material events weighed in favor of Michigan and that discovery had revealed a majority of material events and witnesses to be in Michigan.[1]

Defendants now move to dismiss the complaint, asserting that plaintiff's complaint pleads actions under Illinois law, not cognizable in Michigan.

## ANALYSIS

### Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

---

[1]The Northern District of Illinois also noted that defendants had indicated a desire to file a third-party complaint against Denise and Creighton Adams, the friends with whom Baye was staying at the time of her fall. Noting that such an action "would result in related litigation in Michigan," the Illinois district court found the fourth factor, interests of justice, to weigh in favor of the transfer as well. Plaintiffs emphasize that no such action has been commenced to date, suggesting that the transfer was pursued by defendants only for the reason that Michigan's law is more favorable to their position.

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

**Applicable Choice of Law Rules and Resulting Choice of Law**

A choice of law analysis and determination is needed where application of different-- yet arguably applicable--states' laws will result in different outcomes. The parties do not dispute that this is the case here, where Illinois recognizes claims for strict liability in tort for product design defects, and Michigan does not, and Illinois neither caps compensatory damages for noneconomic injuries nor disallows punitive damages under certain circumstances, whereas Michigan does.

In their motion to dismiss, defendants argue that because "[p]laintiff seeks recovery in Michigan for events that occurred in Michigan, her Complaint should conform and be

subject to Michigan law." Defendants then assert that the first count in Baye's complaint, alleging strict liability, is not recognized in Michigan, and must be dismissed. Similarly, defendants contend that dismissal is mandated for the third through sixth counts, which include Illinois statutory causes of action.

Plaintiff describes in her response brief that following a 1404(a) convenience transfer, the law of the transferor forum continues to apply to a diversity case. *Ferens v. John Deere Co.*, 494 U.S. 516, 517-19 (1990), *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Under this principal, Illinois choice of law rules govern the determination of the parties' dispute over whether Illinois or Michigan law should apply here. Defendant did not dispute this principal in reply or at oral argument, but now argues that applying the Illinois choice of law rules results in a determination that Michigan law applies to this litigation.

The parties agree that Illinois employs the "most significant relationship" test under the Second Restatement of Conflict of Laws ("Restatement"), and both cite to *Townsend v. Sears Roebuck & Co.*, 879 N.E.2d 893, 898 (2007) in their discussion of which law applies. In *Townsend*, a child was injured in Michigan by a Sears riding lawnmower, purchased in Michigan. The plaintiffs brought a products liability lawsuit against Sears, headquartered in Illinois, and sought to apply Illinois law, while defendants wanted Michigan law to apply. Because the injury occurred in Michigan, and plaintiffs did not demonstrate that Michigan bore "little relation to the occurrence and the parties," Michigan law applied in the *Townsend* matter. *Id.* at 166.

The *Townsend* decision resulted from the court's application of the "presumptively applicable law," which in both that case and this case is Michigan. This is enunciated in Section 146 of the Restatement, which provides:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in section 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws § 146, at 430 (1971). The court found that application of Michigan law was in line with the other Restatement sections it was required to consider: Section 6, which states general principles that must be considered, as well as Section 145, which states contacts to be taken into account in a torts claim. Under this process, the court examines the facts and circumstances for the state with the most significant relationship to the matter, rather than simply apply the doctrine of *lex loci delicti*.

Section 6 is stated to be the "cornerstone" of the Restatement. This section provides that:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
>     (a) the needs of the interstate and international systems,
>     (b) the relevant policies of the forum,
>     (c the relevant policies of other interested states and the relevant interests of those states in the determination of the particular issue,
>     (d) the protection of justified expectations,
>     (e) the basic policies underlying the particular field of law,
>     (f) certainty, predictability and uniformity of result, and
>     (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6, at 10 (1971).

The contacts identified in § 145 of the Second Restatement of Conflict of Laws to be considered in making a choice of law determination in an injury case are (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the

parties; and (d) the place where the relationship, if any, between the parties is centered. Id. § 145. This section is to be read in harmony with the "guiding principles" of Section 6.

In the instant case, as in *Townsend*, the product was acquired in Michigan and the injury occurred in Michigan. Unlike the *Townsend* case, Michigan is not the place of residence, incorporation or business of either party. With respect to the conduct causing the injury, plaintiff asserts that the advertisements Ms. Baye alleges caused her to buy the shoes were viewed in Illinois, and thus that relevant conduct occurred in Illinois. However, as defendants assert, neither their headquarters nor principal places of business are in Illinois, and plaintiff herself quotes from the shoes' labels in her complaint–a product that she acquired and used, to her detriment, in Michigan. For these reasons, the court finds that Michigan is more a part of the relationship between Ms. Baye and the defendants than any other state. It appears to the court that this conclusion is also consistent with § 6 of the Restatement.

Plaintiff's arguments that Baye "just as easily could have purchased the shoes and injured herself in Chicago" are not convincing. In this vein, Baye cites Illinois cases to support her assertion that it is purely "fortuitous" that the injury occurred in Michigan. Those three cases involve auto and bus accidents in which the Illinois courts held that Illinois law applied, despite the accidents taking place in other states, because Illinois had the most significant relationship to the action. However, each of those cases is distinguishable from the case at bar. For instance, in *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 948 N.E.2d 233 (Ill.App. 2011), also a products liability case, plaintiff was an Illinois resident and defendant was an Illinois corporation. Moreover, the car was purchased in Illinois, and the parties' relationship was indisputably based in Illinois. In

*Schulze v. Illinois Highway Transportation Co.*, 423 N.E.2d 278 (Ill.App. 1981), a negligence case, all parties were from Illinois.  In *Miller v. Hayes*, 600 N.E.2d 34(Ill.App. 1992), another negligence case, the court determined that both the driver of the car and the passenger who was killed had domiciles of Illinois.

In summary, the cumulative facts and circumstances present here do not demonstrate to the court that the relationship between Illinois and this case should overcome the presumption that the law of Michigan, as the place of the injury, applies under § 146.

**Applicable Relief**

While the court agrees with defendants that Michigan law applies to this case, defendants' request for relief in the form of dismissal of the complaint in its entirety is overreaching, and plaintiff has requested leave to amend her complaint to plead under Michigan law.

Defendants' motion as to count one, alleging strict product liability, is appropriate, as Michigan does not recognize strict liability as a theory of recovery in products liability cases.  *See Radeljak v. DaimlerChrysler Corp.*, 719 N.W. 2d 40 (2006).  Counts two through five and count seven, alleging common law negligence; breach of express warranty; breach of the implied warranty of merchantability; breach of the implied warranty of fitness for a particular purpose; and fraud, do not invoke state specific theories of recovery. Count six, brought under an Illinois statute, requires revision if plaintiff seeks to assert a claim under Michigan statutory law.

Accordingly, the court grants plaintiff's request to amend her complaint as set forth above.  The amended complaint must be filed within 30 days of this order.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Dated: December 5, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 5, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk