UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SULA BAYE,

                 Plaintiff,

                                    Case No. 12-CV-12869

vs.

                                    HON. GEORGE CARAM STEEH

HBI BRANDED APPAREL
ENTERPRISES, and PAYLESS
SHOESOURCE, INC.,

                 Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (DOC. # 44)

### INTRODUCTION

Plaintiff Sula Baye filed this action under theories of product liability and misrepresentation, alleging that a pair of fitness shoes sold by defendants caused her personal injury.  The action, originally filed in Illinois state court, was removed to federal court in that state, then transferred to this district.  Now before the court is defendants' motion to dismiss and for summary judgment.  As set forth below, the motion is granted.

### BACKGROUND

Plaintiff Sula Baye was visiting friends in the summer of 2010 to celebrate the Fourth of July.  Baye and her friend were shopping at the Great Lakes Crossings shopping center on July 5, 2010, when she purchased a pair of shoes at a Payless shoe store.  Baye alleges that she had seen Payless advertisements "touting the benefits of

Champion Pace fitness shoes" and, after discussing toning shoes with a Payless salesperson, purchased a pair of these shoes.  (Complaint at ¶ 11.)

The following morning, Baye put on the shoes and fell down the stairway at her friends' home in Detroit.  Baye suffered a "high fibular fracture with ankle dislocation and a deltoid ligament rupture requiring an open-reduction and internal fixation with placement of several screws."  (Complaint at ¶ 13.)  Baye alleges that the fall occurred because she was wearing the Champion fitness shoes.

Baye filed suit against defendants in 2010 in Illinois state court, alleging liability under theories of strict product liability, negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.  Baye also included claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*, and a claim of common law fraud.  Defendants then removed the action to the United States District Court for the Northern District of Illinois on the basis of diversity jurisdiction.

Following removal, defendants filed a motion to transfer the lawsuit to this court under 28 U.S.C. § 1404(a).  The parties agreed that venue was proper in either the Northern District of Illinois or the Eastern District of Michigan.  The Northern District of Illinois considered the four factors used to evaluate convenience transfers--(1) plaintiff's choice of forum; (2) convenience of parties; (3) convenience of witnesses; (4) interests of justice; and (5) location of material events, citing *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996).  The district court first denied the motion without prejudice, but later granted it, finding that material events weighed in

favor of Michigan and that discovery had revealed that the majority of material events and witnesses were in Michigan.

Defendants then moved to dismiss the complaint in this court.  In ruling on that motion, the court found that the law of the place of injury (i.e., Michigan) applied, denied the motion, and allowed plaintiff to amend her complaint to allege causes of action consistent with Michigan law.  Now before the court is defendants' motion for summary judgment.[1]  The court's analysis is set forth below.

## ANALYSIS

### Standard of Review

The entry of summary judgment is appropriate when the record demonstrates that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Sadie v. City of Cleveland, 718 F.3d 596, 599 (6th Cir. 2013).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of

---

[1]The motion is actually captioned "Defendants' Motion for Dismissal, Pursuant to Fed. R. Civ. P. 12(b0(1), and Summary Judgment, Pursuant to Fed. R. Civ. P. 56(c)."

some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## DISCUSSION

As argued by defendants, plaintiff's claims in this case are governed by the Michigan Product Liability Act ("MPLA"), Mich. Comp. Laws Ann. § 600.2945 *et seq.* Under that statute, a product liability action is defined as "an action based on a legal or equitable theory of liability brought for the death of a person or for injury to a person or damage to property caused by or resulting from the production of a product." Mich. Comp. Laws Ann. § 600.2945(h). The "production" of a product is broadly defined as "manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, inspection, testing, listing, certifying, warning, instructing,

marketing, selling, advertising, packaging, or labeling."  Mich. Comp. Laws Ann. § 600.2945(I).

Here, plaintiff's claims are seeking to recover damages for her injury, and plaintiff's allegations certainly fit within the broad definition of "production" under § 600.2945(I).  Plaintiff's First Amended Complaint (Doc. # 23) includes six counts.  The first four are entitled "Negligence," "Breach of Express Warranty," "Breach of Implied Warranty of Merchantability," and "Breach of Implied Warranty of Fitness for Particular Purpose," and describe alleged defects or unsafe features of the shoes.  Plaintiff's fifth and sixth counts, which the court addresses next, are entitled "Violation of the Michigan Consumer Protection Act," (MCPA) and "fraud."

**(I.) MCPA and Fraud Counts**

Defendants assert that plaintiff's claims in this litigation are "viable only under the MPLA" and that they are entitled to dismissal of any claims brought under any other statute or legal theory.  In response, plaintiff confusingly asserts that she has "properly alleged fraud under the MCPA and common law," and that "[h]er damage from that is distinct from the physical injury." (Plaintiff's Response Brf. at 9.)  Plaintiff offers no real argument to support this notion.

Defendants rely on the case of AG v. Merck, Sharp & Dohme Corp., 807 N.W.2d 343 (2011) for their argument that any claims asserted by plaintiff under any statute or legal theory other than the MPLA are not cognizable.  In Merck, Michigan's Attorney General brought an action against a drug manufacturer under the Medicaid False Claim Act (MRCA), alleging false and deceptive statements.  The Michigan Court of Appeals, citing Johnston v. City of Livonia, 441 N.W.2d 41 (Mich.App. 1989) for the proposition

-5-

that it is "not bound by a party's choice of labels," determined that the cause of action was in reality a product liability action subject to the MPLA's immunity provision specifically applicable to drugs approved and labeled in accordance with standards promulgated by the Food and Drug Administration (FDA).[2]   Accordingly, the court found that plaintiff's claims were barred by the immunity provision of § 600.2946(5).

Although the issue presented in Merck was different, the reasoning is entirely applicable here.  Here, the plaintiff's fifth and sixth counts assert that she purchased the shoes based on representations made by the defendants but that in fact the shoes did "not provide any of the benefits and are not fit for the uses represented by the defendants."  FAC at ¶ 44.  Moreover, plaintiff alleges that these "practices" of defendant caused her to incur 'actual damages, including medical expenses, lost wages, pain and suffering and the cost of the Champion Pace shoes, as well as incur attorney's fees."  FAC at ¶ 46.  Plaintiff's fraud claims are the same.

As in Merck, these claims constitute a "product liability" action under the MPLA, for the reason that the action is (1) based on a legal or equitable theory of liability, for an injury to a person or damage to property, and (3) the injury was caused by the "manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, inspection, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging, or labeling" of a product.  See Merck, 807

---

[2]This provision exempts a drug manufacturer or seller from liability where the drug "is approved for safety and efficacy by the United States food and drug administration, and the drug and its labeling were in compliance with the United States food and drug administration's approval at the time the drug left the control of the manufacturer or seller." Mich. Comp. Laws Ann. § 600.2946(5).

N.W.2d at 348; Mich. Comp. Laws Ann. §§ 600.2945(h), (I). Therefore, all of plaintiff's

claims as stated in the FAC are governed by the MPLA.

## (II.) Product Liability Claims under the MPLA

Defendants assert that they are non-manufacturing sellers of the shoes at issue

in this litigation and that their liability is thus limited by the section of the MPLA that

specifically addresses non-manufacturing sellers, Mich. Comp. Laws Ann. §

600.2947(6). In that section, the claims against a non-manufacturing seller are limited

to (a) those alleging the failure to exercise reasonable care, including breach of any

implied warranty, and (b) those alleging the breach of an express warranty. Id.

Defendant HBI Branded Apparel Enterprises (HBI) owns the "Champion" name

and logo which is licensed to defendant Payless Shoesource, Inc. (Payless). Payless is

a corporation with hundreds of stores across the country. The defendants point to

answers to interrogatories to demonstrate the fact that they are not manufacturers of

shoes. Although plaintiff maintains that defendants are "manufacturers" of the shoes at

issue in this litigation, she has not proffered any evidence giving rise to a question of

material fact on this issue.[3] Without citation to any supporting evidence, plaintiff merely

asserts that defendants "designed the shoes, including its inherent defect, created the

packaging and oversaw the factory." Plaintiff's Response Brf. At 10. Plaintiff further

---

[3]While Baye attempts to argue that HBI and Payless had "control" over the manufacturing process, and were thus manufacturers, by showing that in a license agreement between HBI and Payless, Payless promised to submit sample products to HBI for approval, and that Payless "applied" for testing of products, listing Jimlar as the "vendor," such evidence does not demonstrate to the court that HBI and Payless should be deemed manufacturers–in fact, Jimlar's description as "vendor" supports the opposite inference. In any event, as clarified at oral argument, Baye is making design defect claims in this litigation and does not assert manufacturing defects.

asserts that the manufacturer Jimlar, "simply owned the factory that stitched the show together to comport with Defendants' specifications." Id. As defendants point out, plaintiff apparently elected not to pursue litigation or discovery with respect to Jimlar and has not provided any concrete evidence that the defendants are manufacturers under the MPLA.

As non-manufacturing sellers, only plaintiff's claims of the breach of reasonable care and any express warranties made by the defendants are cognizable under the MPLA. Mich. Comp. Laws Ann. § 600.2947(6).[4] Concerning an express warranty, plaintiff argues only that she relied on defendants' statements such as the shoes were "safe...for walking." Defendants deny that they made any such express warranty, but argue that even if they had warranted that the shoes were "safe for walking," plaintiff did not rely on this warranty, and their alleged failure to meet its terms was not the proximate cause of plaintiff's injury. The defendants cite plaintiff's deposition transcript where she testified that she did not visit the Payless website prior to purchasing the shoes, did not recall seeing an advertisement for the shoes, and did not read any literature provided with the shoes. (Plaintiff's deposition transcript at 70-73, 161, 165).

In any event, under either theory (express warranty or negligence) plaintiff's case requires "proof of a causal connection between an established defect and injury," Skinner v. Square D Co., 516 N.W.2d 475, 478 (Mich. 1994). Plaintiff's circular arguments that her "injuries demonstrate that the shoes were defective and not fit for their intended purpose" reveal only speculation in this case that somehow the shoes

_____

[4]Accordingly, all other claims are subject to dismissal.

-8-

were not reasonably safe for their intended purpose.[5]  Plaintiff argues that her required evidence of a defect and causation can be drawn from the circumstantial evidence in the case, i.e. being "catapulted" down a staircase "mere moments after first putting on her Champion Pace shoes," where the staircase was in excellent shape and plaintiff had never fallen down a staircase before.

Plaintiff also cites to cases such as Kenkel v. Stanley Works, 256 Mich. App. 548 (2003), involving an elderly woman injured by automatic doors.  In that case, the plaintiff was found to have presented sufficient evidence to survive a directed verdict motion at trial, based in part on expert witnesses' testimony concerning causation under the plaintiff's version of the facts.  Here, as defendants argue, there is no expert witness testimony and no reports in the record as to defects or causation.

Whether or not the court could consider the rounded bottom of the shoe, along with evidence that defendants introduced instability as a means of promoting fitness, as sufficient to allow Baye to survive summary judgment on the issue of a "defect," the issue of causation is fatal to Baye's claims here.  As noted above, Baye has nothing other than her own guess as to the cause of her fall.  By her own account, Baye put on brand new shoes, of a style she had never worn before, just prior to going down a staircase in her friends' home.  She then fell and sustained an injury.  It appears that plaintiff, without specifically arguing the doctrine of *res ipsa loquitur*, is urging the court to apply it to this case.  However, evidence of a bad result, in itself, is insufficient to

---

[5]Plaintiff attached copies of newspaper articles to her response brief which were not produced to defendants, and do not specifically evaluate the Pace Fitness shoes.  Plaintiff has also cited studies by the American Council on Exercise concerning rocker/toning shoes, which are focused on the shoes' claimed health benefits, not their safety.

prevail under this theory.  See Wischmeyer v. Schanz, 449 Mich. 469, 484 (1995).

Plaintiff's speculation is simply not enough to allow her to survive defendants' motion.

Alternative Arguments Regarding Reliance and the Hampton Class Action Lawsuit

Because the court has made the determination that defendants are entitled to
dismissal and/or summary judgment as to all of plaintiff's claims in this lawsuit, it will not
address the defendants' alternative arguments in depth.  However, the court agrees
with defendant that plaintiff has not offered any serious evidence of reliance on
defendants' purported express warranties or misrepresentations, which would be
required for express warranty, MCPA, and fraud claims.  Therefore, if the claims were
deemed to exist independent of the MPLA, summary judgment on this basis–in addition
to a lack of causation--would be appropriate.

Concerning the class action lawsuit, defendants point to the "Hampton Class
Action," which is apparently two consolidated class action lawsuits in the Pulaski County
Circuit Court in Arkansas that has settled.  These cases defined the class as "all
persons...that...purchased Toning Shoes from Payless retail stores in the United States"
during the period from January 21, 2006 through the date of the settlement agreement.
More specifically, the class includes "[a]ll persons who purchased any Champion-
branded style of Toning Shoes (including without limitation, pod bottom and rocker
bottom and marketed under the names "Stride Fitness," "Pace Swift Fitness," and "Pace
Fitness") from Payless from January 21, 2006 through the Date of the Settlement
Agreement.

Defendants' argument concerning the Hampton Class Action is that all of
plaintiff's claims other than those for personal injury have been released by the

settlement agreement, which specifically excluded personal injury claims.  While plaintiff appears to contend that she purchased a different style of toning shoes than those covered by the agreement, all Champion toning shoes are said to be covered by the agreement.  Defendants are thus also entitled to dismissal of plaintiff's claims-- other than those for personal injury-- on this alternative basis.

## **CONCLUSION**

For the reasons given above, the court hereby **GRANTS** defendants' motion for dismissal and summary judgment.  Judgment will enter for the defendants.

**IT IS SO ORDERED**.

Dated:  December 13, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 13, 2013, by electronic mail.

s/Marcia Beauchemin
Deputy Clerk