UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SULA BAYE,

                    Plaintiff,

                                        Case No. 12-CV-12869
vs.
                                        HON. GEORGE CARAM STEEH
HBI BRANDED APPAREL
ENTERPRISES, and PAYLESS
SHOESOURCE, INC.,

                    Defendants.

_____/

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR TAXATION OF COSTS AND ATTORNEY FEES (DOC. # 53)

        Plaintiff filed this product liability action alleging that a pair of fitness shoes

caused her injury.  Finding that only speculation supported plaintiff's claims, the court

entered its order granting the defendants' motion for summary judgment on December

13, 2013, and judgment entered for defendants the same day.  Now before the court is

defendants' motion for taxation of costs and attorney fees.[1]  Because the court finds

that it would not be assisted by oral argument, the matter is ordered submitted on the

briefs in accordance with E.D. Mich. LR 7.1(2)(e)(2).

        Fed. R. Civ. P. 54(d)(1) addresses costs other than attorney's fees, and states

that such costs "should be allowed to the prevailing party," and that "[t]he clerk may tax

costs on 14 days' notice."  E.D. Mich. LR 54.1 provides that a bill of costs must be filed

_____

        [1]Although Eastern District of Michigan local rules require that such a motion be filed
within 28 days of the entry of judgment, the parties stipulated to an extension until January
17, the date the motion was filed.

"no later than 28 days after the entry of judgment.  The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's web site."

Rule 54(d)(2) concerns attorney's fees.  That section states that unless provided otherwise by statute or court order, a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment," and "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2)(B)(I). E.D. Mich. LR 54.1.2 provides that "a motion for attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment."

<u>Taxation of Costs</u>

Defendants included the issue of taxing costs in the motion with the request for attorney fees, as opposed to submitting a separate bill of costs to the clerk of the court in compliance with E.D. Mich. LR 54.1.  Therefore, plaintiff has argued in opposition to the request, depicting the case as one where the prevailing party should not be awarded its costs, because it presented a "close and difficult" decision.  The court does not agree.  Plaintiff's case was based only upon speculation and did not present any questions of material fact which might have allowed plaintiff to survive the motion for summary judgment, and costs are appropriate for defendants.  Given the court's stipulated order specifically allowing the defendants to file a motion "for *costs and attorneys' fees* on or before January 17, 2014" (see Doc. # 51 at 2), the resolution of which is being issued in this order, the court will allow for a brief further extension of the

time period for submission of a bill of costs.  Defendants shall file their bill of costs with the clerk's office within 7 days of entry of this order.

Attorney Fees

Under the "American Rule," each party pays its own attorney fees.  Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975).  This rule has exceptions, such as when a statute provides for the award of attorney fees to the prevailing party or when a contract between the parties provides for payment of reasonable attorney fees by the breaching party.  Shimman v. International Union of Operating Engineers, Local 18, 744 F.2d 1226, 1229 (6th Cir. 1984).

In the instant case, defendants assert entitlement to attorney fees as "prevailing parties" under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 I.L.C.S. 505/10a(c).  As plaintiff points out, however, following a) the removal of the complaint in this matter to federal court in Illinois and b) the subsequent change of venue to the Eastern District of Michigan, defendants filed a motion to dismiss, arguing that Michigan law rather than Illinois law applied to the plaintiff's claims.  The court agreed.  Plaintiff asserts that under these circumstances, judicial estoppel prevents defendants from asserting the inconsistent position that they were successful under Illinois statutory law.

The court need not reach the doctrine of judicial estoppel to resolve this question.  In its December 5, 2012 order granting in part and denying in part defendants' motion to dismiss, the court found that Michigan law applied to the case, and allowed for the filing of an amended complaint.  That amended complaint was filed on January 4, 2013, and removed all references to Illinois law.  Defendants' summary

-3-

judgment was then brought after filing of the amended complaint.  Accordingly,

defendants simply were not prevailing parties under an Illinois statute allowing for an

attorney fee, and cite no such fee provision in applicable Michigan law.  Application of

the American Rule, which is appropriate under these circumstances, means defendants

are not entitled to attorney fees.  See, e.g. Michigan Amer. Fed. Of State County and

Mun. Employees Council 25, Local 1640 v. Matrix Human Services, 589 F.3d 851, 857

(2009).

Accordingly, defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

As set forth above, a bill of costs shall be filed with the clerk of the court within seven

days of this order.

**IT IS SO ORDERED**.

Dated:  April 7, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 7, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk